UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-374

| | | |
|---|---|---|
| CONNIE B. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CROWN FORD, NC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on three motions: (1) defendant's 12 November 2007 motion to dismiss; (2) *pro se* plaintiff's 4 December 2007 motion to amend summons; and (3) plaintiff's 15 February 2008 motion for sanctions. Plaintiff was issued a *Roseboro* notice on 13 November 2007, and responded to the motion to dismiss in his motion to amend. Defendant filed a response/reply on 21 December 2007. The time for defendant to respond to plaintiff's motion for sanctions has not yet run. The motions are ripe for disposition.

Plaintiff filed this Title VII action *pro se* and *in forma pauperis* on 27 September 2007, alleging that his former employer (an automobile dealership) failed to promote and ultimately "constructive[ly] discharged" him on the basis of race. (Compl. at 1-4.) Plaintiff named "Crown Ford NC" as the defendant and obtained a summons issued by the Clerk addressed to Mr. Ron Johnson, Crown Ford NC, 256 Swain Street, Fayetteville, NC 28303. Plaintiff's 8 November 2007 return of service indicates that Mr. Ron Johnson was served by the U.S. Marshal on 1 October 2007. Defense counsel entered a notice of appearance on 22 October 2007, and, after obtaining an extension of time, filed the instant motion to dismiss on 12 November 2007.

Defendant moves to dismiss[1] the action on the grounds that "Crown Ford NC" is not a business entity, Ron Johnson is not a registered agent of any entity doing business at the address on the summons, and "Crown Ford NC" was not plaintiff's employer. (Mot. Dismiss at 2-3.) Defendant has submitted an affidavit from the human resources manager of "Asbury Automotive North Carolina L.L.C. d/b/a Crown Automotive Company, a Delaware Company" indicating that plaintiff "worked at the Crown Ford dealership located in Fayetteville, North Carolina[.]" (Mack Aff. ¶¶ 1, 5.)

Plaintiff argues that the case should not be dismissed because his employer has notice of the claim(s) against it, and that counsel for defendant in this action "[p]articipated throughout the EEOC investigation and [m]ediation process as 'Crown Ford, NC.'" (Mot. Amend at 2; Reply Supp. Mot. Amend at 2-4.) Plaintiff has submitted evidence indicating that defendant's business name has changed several times over the course of plaintiff's employment and that plaintiff has done some research into defendant's corporate name and registered agent. (Reply Supp. Mot. Amend, Exhs. 5-6, 8-10, 16.)

"Dismissal under Rule 12(b)(5) is 'not justified where it appears that service can be properly made.'" Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (plaintiff initially served defendant corporation's parent rather than defendant) (quoting Coastal Neuro-Psychiatric Assoc. v. Onslow County Hosp. Auth., 607 F. Supp. 49 (E.D.N.C. 1985)); see

---

[1] At the outset, the court notes that plaintiff appears to object to defendant's submission of evidence outside the pleadings with its motion to dismiss. (Mot. Amend at 2.) However, when a defendant challenges sufficiency of process, "the [c]ourt may consider written materials in connection with the [m]otion without transforming it into a [m]otion for [s]ummary [j]udgment." Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 922 (D. Ariz. 2003) (noting that a plaintiff is actually "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.") (quotation and numerous citations omitted). Plaintiff has also submitted additional evidence, which the court has considered in ruling on the instant motions.

2

also Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996) (refusing to dismiss action where "the plaintiff filed the action against and served a copy of the Complaint on a non-existent entity" when, although "technically, neither process nor service of process was proper, . . . . it is evident from the fact that the Defendant filed both an Answer and a Motion to Dismiss that Defendant has notice of [the] Plaintiff[]'s claims.").

The court agrees with plaintiff that defendant would not suffer any prejudice at this point by allowing plaintiff to amend his complaint and obtain re-issued summons. Defendant's motion to dismiss is DENIED. Plaintiff's motion to amend is ALLOWED, and he shall have twenty days from the date of this order to file an amended complaint, obtain summons, and effect service, and is reminded that service is to be effected according to the provisions of Fed. R. Civ. P. 4. After careful consideration, the motion for sanctions is DENIED.

This 4 March 2008.

W. Earl Britt
Senior U.S. District Judge

cbs/cf/tec

3